UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN M. DEANE,

   Plaintiff,

     v.          CAUSE NO. 3:21-CV-539-JD-MGG

RON NEAL,

   Defendant.

OPINION AND ORDER

   Stephen M. Deane, a prisoner without a lawyer, filed a case-initiating document that he labels, "Motion for An Injunction." (ECF 1.) He argues that the conditions in his cell are inadequate, and asks the court to order Ron Neal, the Warden of Indiana State Prison, to remedy the alleged deficiencies.

   The court notes at the outset that Mr. Deane is a frequent litigator in this District and currently has three other civil rights cases pending. *See Deane v. Neal*, 3:21-cv-315-RLM-MGG (N.D. Ind. filed May 3, 2021); *Deane v. Canberry*, 3:20-cv-373-DRL-MGG (N.D. Ind. filed May 8, 2020); *Deane v. Wexford Medical Serv.*, 3:19-cv-153-PPS-MGG (N.D. Ind. filed Mar. 4, 2019). In his other pending cases, Mr. Deane filed a clearly labeled complaint, and it is unclear why he did not do so in this case. Nevertheless, "[a] document filed pro se is to be liberally construed," and so his filing will be construed as a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Deane asserts that on June 7, 2021, a cabinet and shelving unit were removed from his cell. He was given a property box but it does not have a lid. He does not like this arrangement because it leaves his personal property "subjected to airborne elements." He was also apparently using one of those items to write on, as he complains that he has nowhere to "sit at to write," making it uncomfortable for him to write letters and other documents. He further complains that the light fixture in his cell was "replaced with a light fixture with an 800 lumens LED bulb that casts an other than [sic] white light." He claims the "deprivation of proper lighting is causing eye strain & fatigue."

A violation of the Eighth Amendment's Cruel and Unusual Punishment Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[N]ot all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." *James v.*

2

*Milwaukee Cty.*, 956 F.2d 696, 699 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, "conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations." *Pegues v. Rogers*, No. 3:07-CV-93 PS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007).

It is clear from the complaint that Mr. Deane has a bed, toilet, storage box, and many personal items in his cell. The Eighth Amendment does not entitle him to specific pieces of furniture, even if he would prefer to have these items. Furthermore, he states that these changes were made because of the recent murder of a correctional officer at his facility, and the court must afford deference to prison officials regarding what items may be kept in an inmate's cell in light of safety and security considerations. *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (holding that prison officials must be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). He has not alleged a plausible constitutional claim related to the furnishings in his cell.

Inmates are entitled to adequate lighting. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). They may not be subjected to a "significant amount of time in near total darkness." *Hicks v. Lannoye*, No. 20-CV-505, 2021 WL 2454050, at *3 (E.D. Wisc. June 16, 2011) (collecting cases). Nor may they be subjected to continuous bright lighting that

3

impacts their ability to sleep. *See Mejia v. Pfister*, 988 F.3d 415, 418 (7th Cir. 2021). Here, it is clear from the complaint that Mr. Deane is being provided lighting in his cell. It is not clear, however, whether he is claiming the lights are too dim or too bright. It appears he does not like the type of bulb being used, but this type of minor discomfort does not trigger Eighth Amendment concerns. There is also nothing in the complaint to suggest he cannot mitigate the discomfort by periodically closing or covering his eyes. *See Mathews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013) (no Eighth Amendment violation where inmates subjected to continuous lighting were permitted to cover their eyes with towels). He has not alleged a plausible constitutional claim in connection with the lighting.

To the extent he is claiming that his personal property is being damaged by the lack of a lid on his property box, he has an adequate state post-deprivation remedy available and thus cannot pursue a federal due process claim pertaining to his personal property. *See Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Similarly, to the extent he is claiming that Indiana Department of Correction policies are being violated, the violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983

4

protects plaintiffs from constitutional violations, not violations of state laws[.]").

Therefore, his allegations do not state a plausible claim for relief under 42 U.S.C. § 1983.[1] "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Deane to amend his complaint if, after reviewing this order, he believes he can state a viable claim for relief related to the conditions in his cell, consistent with the allegations he has already made under penalty of perjury.

To the extent Mr. Deane is seeking a preliminary injunction, he has not demonstrated an entitlement to such relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong

---

[1] The court notes additionally that to the extent he is seeking damages against the Warden, he has not alleged any personal involvement by the Warden. The Warden cannot be held liable for damages simply because he holds a supervisory position at the prison. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer*, 682 F.3d at 681.

As outlined above, Mr. Deane has not alleged a plausible constitutional claim that survives screening under 28 U.S.C. § 1915A, let alone demonstrated a likelihood of success on the merits. Nor do his allegations demonstrate that he will be irreparably injured if immediate relief is not granted. Therefore, any request for preliminary injunctive relief will be denied.

For these reasons, the court:

(1) DENIES the request for a preliminary injunction (ECF 1);

(2) GRANTS the plaintiff until **August 27, 2021**, to file an amended complaint if he so chooses; and

6

(3) CAUTIONS him that if he does not respond by that deadline, this case will be

dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a

claim upon which relief can be granted.

SO ORDERED on July 27, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT